**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN T. CLARK, | Civil Action No. 20-14094 (RBK) (JS) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| MARCUS HICKS, et al., | |
| Defendants. | |

This matter comes before the Court by way of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit, and concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time.

First, to the extent the Complaint demands Plaintiff's immediate release into home confinement, it appears that he was released from prison shortly after filing this Complaint. Consequently, the Court will dismiss his request for release as moot.  Additionally, to the extent Plaintiff requests that Defendants "revisit" the release applications of other inmates, the Court will dismiss that request because a *pro se* plaintiff may not seek relief on behalf of other inmates. *See, e.g.*, *Abdul-Aziz v. Lanigan*, No. 17-2806, 2020 WL 3287229, at *14 (D.N.J. June 18, 2020) (quoting *Alexander v. New Jersey State Parole Bd*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005)).

Similarly, to the extent Plaintiff is attempting to bring parts of his Complaint as a class action on behalf of other inmates at South Woods State Prison, plaintiffs can only maintain a class action if the class representative "will fairly and adequately protect the interests of the class."

*Hennessey v. Atl. Cty. Dep't of Pub. Safety*, No. 06-143, 2006 WL 2711510, at *4 (D.N.J. Sept. 18, 2006). "When confronting a request for class certification from a *pro se* litigant, however, courts have found that *pro se* plaintiffs generally cannot represent and protect the interests of the class fairly and adequately." *Id*. (citing *Cahn v. U.S.*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003)).

Here, Plaintiff is proceeding *pro se* and does not appear to have formal training in the law. Thus, Plaintiff would not be able to represent the interests of the class and maintain this suit as a class action. *Id*. (citing *Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J. 1992). Furthermore, Plaintiff no longer resides at South Woods State Prison. As a result, it "would be extremely difficult for him to lead a multi-prisoner litigation when he is separated from the" other inmates he seeks to lead as a class representative. *Id*. Consequently, to the extent Plaintiff seeks to maintain a class action, the Court will deny that request. The remainder of the Complaint may proceed. Accordingly,

IT IS, on this  11th  day of March 2021,

**ORDERED** that Plaintiff's class action claims and requests for relief on behalf of other prisoners are DISMISSED; and it is further

**ORDERED** that Plaintiff's request for immediate release is DISMISSED AS MOOT; and it is further

**ORDERED** that the remainder of Plaintiff's Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285

Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

    **ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge